UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GROOVE NETWORKS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEOSTREAM CORPORATION, )<br>DAVID CROSBIE, MICHAEL PALIN )<br>AND BORIS BORUCHOVICH )<br>)<br>Defendants )<br>)<br>) | CIVIL ACTION NO.<br>04-10899-PBS<br><br>DEFENDANTS'<br>ANSWER,<br>AFFIRMATIVE DEFENSES, and<br>COUNTERCLAIM |

## ANSWER

Defendants Leostream Corporation, David Crosbie, Michael Palin and Boris Boruchovich, herein collectively referred to as "Defendants" answer the Complaint in the subject action as follows:

The Defendants deny the allegations contained on the first page of the Complaint.

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and thus deny the same.

2. Defendants admit the allegations of paragraph 2 of the Complaint.

3. Defendants admit the allegations of paragraph 3 of the Complaint.

4. Defendants admit the allegations of paragraph 4 of the Complaint.

5. Defendants admit that Defendant Boris Boruchovich is a resident of Bedford, Massachusetts. Defendants deny the allegations in the remainder of paragraph 5 of the Complaint.

6. Defendants deny the allegations of paragraph 6 of the Complaint.

1

7. Defendants deny the allegations of paragraph 7 of the Complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and therefore deny the same.

9. Defendants deny the allegations of paragraph 9 of the Complaint.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and therefore deny the same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and therefore deny the same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and therefore deny the same.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and therefore deny the same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and therefore deny the same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and therefore deny the same.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants deny the allegations of paragraph 21 of the Complaint.

22. Defendants deny the allegations of paragraph 22 of the Complaint.

23. Defendants deny the allegations of paragraph 23 of the Complaint.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants deny the allegations of paragraph 30 of the Complaint.

## COUNT I

31. Defendants hereby restate and incorporate paragraphs 1-30 of the Answer.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants deny the allegations of paragraph 35 of the Complaint.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

## COUNT II

41. Defendants hereby restate and incorporate paragraphs 1-30 of the Answer.

42. Defendants deny the allegations of paragraph 42 of this Complaint.

43. Defendants deny the allegations of paragraph 43 of this Complaint.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint and thus deny the same.

45. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants deny the allegations of paragraph 48 of the Complaint.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

50. Defendants deny the allegations of paragraph 50 of the Complaint.

51. Defendants deny the allegations of paragraph 51 of the Complaint.

## COUNT III

52. Defendants hereby restate and incorporate paragraphs 1-51 of the Answer.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Complaint.

54. Defendants deny the allegations of paragraph 54 of the Complaint.

55. Defendants deny the allegations of paragraph 55 of the Complaint.

56. Defendants deny the allegations of paragraph 56 of the Complaint.

57. Defendants deny the allegations of paragraph 57 of the Complaint.

## COUNT IV

58. Defendants hereby restate and incorporate paragraphs 1-57 of the Answer.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint and thus deny the same.

60. Defendants deny the allegations of paragraph 60 of the Complaint.

61. Defendants deny the allegations of paragraph 61 of this Complaint.

62. Defendants deny the allegations of paragraph 62 of this Complaint.

## COUNT V

63. Defendants hereby restate and incorporate paragraphs 1-62 of the Answer.

64. Defendants deny the allegations of paragraph 64 of the Complaint.

65. Defendants deny the allegations of paragraph 65 of the Complaint.

66. Defendants deny the allegations of paragraph 66 of the Complaint.

## COUNT VI

67. Defendants hereby restate and incorporate paragraphs 1-66 of the Answer.

68. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint and thus deny the same.

69. Defendants deny the allegations of paragraph 69 of the Complaint.

70. Defendants deny the allegations of paragraph 70 of the Complaint.

71. Defendants deny the allegations of paragraph 71 of the Complaint.

## COUNT VII

72. Defendants hereby restate and incorporate paragraphs 1-71 of the Answer.

73. Defendants deny the allegations of paragraph 73 of the Complaint.

74. Defendants deny the allegations of paragraph 74 of the Complaint.

75. Defendants deny the allegations of paragraph 75 of the Complaint.

76. Defendants deny the allegations of paragraph 76 of the Complaint.

### **AFFIRMATIVE DEFENSES**

1. The Court lacks jurisdiction of any dispute or allegation concerning the alleged Agreement between Plaintiff Groove and Defendant Boruchovich.

2. The proper forum for any dispute between Plaintiff Groove and Defendant Boruchovich concerning the alleged Agreement is the American Arbitration Association.

3. Upon information and belief, one or more allegations of the Complaint are barred by the doctrine of laches.

4. Upon information and belief, Plaintiff is guilty of unclean hands.

5. Plaintiff lacks standing with respect to Count I.

6. Upon information and belief, Defendants independently created the works of authorship alleged to be infringed.

7. Upon information and belief, Defendants have not infringed any alleged copyright of the Plaintiff.

8. No software has been transferred to the Plaintiff.

9. Upon information and belief, Plaintiff's alleged trade secrets are publicly disclosed in U.S. Patent Nos. 6,640,241, 6,446,113 and U.S. Patent Application Nos. 20040083263, 20040024820, 20030236820, 20030217105, and 20030084138, and others.

10. Certain works of authorship authored by Defendant Boruchovich were co-authored by Leostream and/or its agents.

11. The Plaintiff failed to protect any alleged trade secret information.

12. Chapter 93A cannot be applied to claims arising from employer-employee disputes.

13. The alleged Agreement is invalid, void, or voidable and unenforceable for lack of consideration.

14. The alleged Agreement is invalid, void, or voidable and unenforceable because one or more provisions of the alleged Agreement are vague.

15. The alleged Agreement is invalid, void, or voidable and unenforceable because one or more provisions of the alleged Agreement are against public policy.

16. The alleged Agreement is invalid, void, or voidable and unenforceable because it was procured under duress.

17. The alleged Agreement is invalid, void, or voidable and unenforceable because it was procured by fraud.

18. The alleged Agreement is invalid, void, or voidable and unenforceable because it is illegal.

19. Upon information and belief, the actions of the Defendants were justified.

20. Upon information and belief, Plaintiff is guilty of inequitable conduct.

21. One or more of Plaintiff's state and/or common law causes of action are barred under the doctrine of Federal preemption.

22. Defendants Leostream Corporation, Crosbie and Palin had no knowledge of the provisions of the alleged Agreement between defendant Boruchovich and the Plaintiff.

23. Upon information and belief, Defendants Leostream Corporation, Crosbie and Palin did not intentionally interfere with any alleged Agreement between Defendant Boruchovich and the Plaintiff.

24. Upon information and belief, Defendants Leostream Corporation, Crosbie and Palin did not induce any alleged breach of the Agreement between Defendant Boruchovich and the Plaintiff.

25. Upon information and belief, Defendant Boruchovich did not violate any fiduciary duty to the Plaintiff.

26. Upon information and belief, Defendant Boruchovich was loyal to the Plaintiff.

27. Upon information and belief, Defendant Boruchovich was obedient to the Plaintiff.

28. Upon information and belief, Defendant Boruchovich did not perform any actions competitive with the Plaintiff's business.

29. The Plaintiff has not suffered any damages as a result of any alleged action of the Defendants.

30. Upon information and belief, the Plaintiff has waived any alleged breach of the Agreement.

### III. COUNTERCLAIM FOR BREACH OF CONTRACT

1. The Agreement alleged by Plaintiff requires Arbitration with the American Arbitration Association.

2. Plaintiff failed to seek arbitration as required by the alleged Agreement.

3. Plaintiff has thus breached the alleged Agreement.

4. Defendants have suffered damages as a result of Plaintiff's breach of the alleged Agreement.

## REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court:

1. Dismiss all counts of this Complaint;

2. Issue an order compelling arbitration of all the allegations of the Complaint;

3. Issue an order staying the proceedings in this case in their entity pending completion of arbitration; and

4. Such other relief as the Court deems just and proper including awarding Defendants the costs and attorneys' fees associated with this Answer caused by the Plaintiff's failure to seek arbitration prior to filing the Complaint in violation of the alleged Agreement between Defendant Boruchovich and Plaintiff.

5. Award Defendants damages for Plaintiff's breach of the alleged Agreement.

6. Award Defendants costs and attorney fees pursuant to 17 U.S.C. §505.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Defendants hereby demands a trial by jury for all issues so triable.

Respectfully submitted,
Attorneys for the Defendants

Date: June 9, 2004

Kirk Teska
BBO# 559,192
Roy J. Coleman
BBO# 652,243
IANDIORIO & TESKA
260 Bear Hill Road
Waltham, MA 02451
(781) 890-5678 Telephone
(781) 890-1150 Facsimile

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above Answer was served upon Ben T. Clements, Esq., Clements & Clements, LLP, 50 Federal Street, Boston, MA 02110, counsel of record for the Plaintiff Groove Networks, Inc. by mailing the same via first class mail on June 9, 2004.

Roy J. Coleman, Esq.