UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| GROOVE NETWORKS, INC., Plaintiff, v. LEOSTREAM CORPORATION, DAVID CROSBIE, MICHAEL PALIN, AND BORIS BORUCHOVICH, Defendants | C.A. NO. 04-10899PBS |

## DEFENDANTS' MOTION TO COMPEL ARBITRATION
## AND FOR STAY PENDING ARBITRATION

Leostream Corporation, David Crosbie, Michael Palin, and Boris Boruchovich (hereinafter collectively referred to as "Defendants") move this Court to enter an Order compelling arbitration between Plaintiff and Defendant Boris Boruchovich and staying all proceedings with respect to the other defendants in this action until arbitration has been completed. Arbitration is mandated pursuant to the terms of a written Agreement alleged by the Plaintiff between the Plaintiff and the Defendant Boris Boruchovich, the provisions of the Federal Arbitration Act, 9 U.S.C. §§ 3 and 4 as well as other applicable law.

Virtually all of the allegations and issues in this case exist by virtue of the fact of Mr. Boruchovich's former employment with the Plaintiff pursuant to an alleged Agreement. In the Complaint, the Plaintiff cites various provisions of a NonDisclosure, Invention and NonCompetition Agreement (hereinafter "Agreement") between the Plaintiff and the Defendant Boris Boruchovich, including a count (count IV) for alleged

1

breach of the Agreement. Further, the Complaint sets forth numerous allegations and counts concerning the actions of Mr. Boruchovich relating to the Agreement and/or his employment with the Plaintiff.

Section 6.7 of the alleged Agreement between the Plaintiff and Mr. Boruchovich states in pertinent part:

> The parties agree that any controversy, claim or dispute arising out of or relating to this Agreement, or the breach thereof, or arising out of or relating to the employment of the Employee [Boris Boruchovich] … shall be resolved by arbitration …

In the Complaint, the Plaintiff quotes various sections of the Agreement to support virtually all of its allegations against the Defendants. Section 6.7 of the alleged Agreement clearly mandates arbitration. Therefore, because the Plaintiff is seeking relief by virtue of the terms of the Agreement, it is only fair that the Plaintiff should be held to the arbitration provision of the Agreement.

Additionally, resolution of the issues pertaining to Mr. Boruchovich's former employment with the Plaintiff pursuant to the Agreement will likely resolve all of the counts alleged in the Complaint against the other Defendants.

WHEREFORE, the Defendants respectfully request that the Court enter an Order compelling arbitration and staying all further proceedings in this action until arbitration has been completed.

A Memorandum of Law, including a copy of the subject Agreement, is filed herewith in support of this Motion.

## REQUEST FOR ORAL ARGUMENT

The Defendants hereby request oral argument in connection with the foregoing motion.

Respectfully submitted,
Defendants Leostream Corporation,
David Crosbie, Michael Palin, and
Boris Boruchovich,
By their attorneys,

_____
Kirk Teska
BBO# 559,192
Iandiorio & Teska
260 Bear Hill Road
Waltham, MA 02451-1018
Tel: (781) 890-5678
Fax: (781) 890-1150

## CERTIFICATE PURSUANT TO L.R. 7.1 (A)(2)

The undersigned, Kirk Teska, of Iandiorio & Teska who represents the Defendants, hereby certifies that on May 25, 2004 he contacted Ben T. Clements, counsel for the Plaintiff Groove Networks, Inc. in a good faith attempt to resolve or narrow the issues relevant to this motion.

_____
Kirk Teska

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Ben T. Clements, Esq., Clements & Clements LLP, 50 Federal Street, Boston, MA 02110, counsel of record for the Plaintiff Groove Networks, Inc., by mailing the same via first class mail on ___June 9___, 2004.

_____
Roy J. Coleman