UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GROOVE NETWORKS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>LEOSTREAM CORPORATION,<br>DAVID CROSBIE, MICHAEL PALIN,<br>and BORIS BORUCHOVICH,<br><br>Defendants. | Civil Action No. 04-10899-PBS |

## REPLY OF GROOVE NETWORKS, INC. TO COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 12(a), plaintiff Groove Networks, Inc. ("Groove Networks") hereby responds to the Counterclaim asserted by the defendants.

Responding to the particular allegations of the Counterclaim:

1. Groove Networks denies that arbitration of the claims asserted in the Complaint is required by the Nondisclosure, Invention, and NonCompetition Agreement ("the Agreement") between Groove Networks and defendant Boris Boruchovich. Further responding, Groove Networks states that defendants Leostream, David Crosbie, and Michael Palin are not parties to the Agreement, are not entitled to the benefits of the Agreement, and, as such, the claims asserted against them in this action are not subject to the Agreement. Accordingly, Groove Networks could only assert all of its claims against all of the defendants by filing its action with the Court.

2. Groove Networks denies the allegations in paragraph 2 of the Counterclaim.

3. Groove Networks denies the allegations in paragraph 3 of the Counterclaim.

4. Groove Networks denies the allegations in paragraph 4 of the Counterclaim.

## AFFIRMATIVE DEFENSES

1. The Counterclaim fails to state a claim on which relief may be granted.

2. Defendants Leostream, Crosbie, and Palin are not parties to the Agreement and have no standing to assert any claim under the Agreement.

3. The Counterclaim is barred by the doctrines of estoppel and unclean hands.

4. The purported Counterclaim violates the anti-SLAPP statute, Massachusetts General Laws, Chapter 231, Section 59H, in that it is based solely on Groove Networks' assertion of its rights in this action.

5. The defendants have suffered no damages.

6. Any damages suffered by the defendants is the result of their own unlawful conduct.

7. The Counterclaim is moot by virtue of the fact that Groove Networks has assented to the defendants' Motion to Compel Arbitration and for a Stay Pending Arbitration.

WHEREFORE, Groove Networks requests that the Court dismiss the

Counterclaim and grant such further relief as the Court deems appropriate.

Respectfully submitted,

GROOVE NETWORKS, INC.,

By its attorneys:

_____
Ben T. Clements, BBO # 555802
Clements & Clements, LLP
50 Federal Street
Boston, MA 02110
(617) 451-1800

## CERTIFICATE OF SERVICE

I, Ben T. Clements, certify that I have caused a copy of the foregoing to be served on counsel for the defendants, Kirk Teska, Iandiorio & Teska, 260 Bear Hill Road, Waltham, MA 02451-1081, by mail on August 25, 2004.

_____
Ben T. Clements

3