UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GROOVE NETWORKS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LEOSTREAM CORPORATION, DAVID CROSBIE, MICHAEL PALIN, and BORIS BORUCHOVICH, <br><br> Defendants. | CIVIL ACTION <br> NO. 04-10899-PBS |

MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV.P. RULE 56 AND ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT BORIS BORUCHOVICH AND TO DROP MR. BORUCHOVICH AS A PARTY PURSUANT TO FED.R.CIV.P. RULE 21

The Plaintiff filed this action in Federal District Court alleging causes of action arising out of Defendant Boruchovich's employment with Plaintiff pursuant to a written employment agreement. That agreement mandates arbitration and by filing an action in this court rather pursuing arbitration, Plaintiff is in breach of the agreement. Therefore, Defendant Boruchovich requests Summary Judgment in the subject action and requests that the Court hold Plaintiff Groove Networks, Inc. in breach of its contract with Defendant Boruchovich and that the Court enter judgment accordingly. Defendant Boruchovich also requests that the Plaintiff's complaint, insofar as it names Mr. Boruchovich as a party, be dismissed pursuant to Rule 12(c) and Rule 21.

Mr. Boruchovich used to work for Plaintiff Groove and for a short time he

moonlighted for Defendant Leostream. Plaintiff Groove Networks, Inc. filed the complaint in the instant action (Exhibit A attached hereto) against Boris Boruchovich (and Leostream and certain principles of Leostream) alleging, *inter alia*, breach of contract arising out of Mr. Boruchovich's previous written employment agreement with Plaintiff Groove Networks, Inc. That agreement is attached hereto as Exhibit B.

Pursuant to §6.7 of the Agreement,

> The parties agree that any controversy, claim, or dispute arising out of or relating to this Agreement, or the breach thereof, or arising out of or relating to the employment of the Employee, or the termination thereof, including any claims under federal, state, or local law, *shall* be resolved by arbitration in Boston, Massachusetts in accordance with the Employment Dispute Resolution rules of the American Arbitration Association. The parties agree that any award rendered by the arbitrator shall be final and binding, and that judgment upon the award may be entered in any court having jurisdiction thereof.

(Emphasis added)

Thus, Plaintiff Groove Networks, Inc. never should have filed a Federal District Court action for breach of contract against Mr. Boruchovich or any action arising out of Mr. Boruchovich's previous employment with the Plaintiff when the very contract alleged by the Plaintiff mandates arbitration. To do so is a clear breach of contract by Plaintiff Groove.

In response to the Complaint, the Defendants filed an Answer, attached hereto as Exhibit C, including a counterclaim for breach of contract. The Defendants also filed a motion to compel arbitration pursuant to the agreement and the Federal Arbitration Act, 9 USC §§3 and 4. The Defendants also sought a stay of the subject against the other Defendants pending completion of arbitration in interest of judicial economy. *See* Exhibit

D hereto.

Pursuant to local Rule 7.1(A)(2), counsel conferred regarding the Defendants' proposed motion to compel arbitration and to stay the proceedings and counsel for Groove Networks indicated that, in his opinion, arbitration was not mandated or practical and that Groove would respond to the motion to compel with reasons and supporting authorities why arbitration was not mandated.

Settlement negotiations then took place regarding the dispute between the parties. When the parties could not reach settlement, however, instead of opposing the Defendants' motion to compel arbitration and to stay, Groove Networks simply filed an assent. *See* Exhibit E hereto. The Court then granted the Defendants' motion to compel and stay. Plaintiff Groove Networks also filed a "Reply" to the Defendants' breach of contract counterclaim (Exhibit F hereto) asserting that the Defendants' counterclaim for breach of contract was "moot" in light of the Plaintiff's assent to the motion to compel arbitration and for a stay.

The Defendant's counterclaim for breach of contract is hardly moot: Plaintiffs' own agreement with Mr. Boruchovich mandated arbitration and the Plaintiff breached the agreement by instead filing an action in Federal District Court against Mr. Boruchovich for breach of the agreement and for other causes of action clearly arising out of the agreement and Mr. Boruchovich's previous employ with the plaintiff.

The Plaintiff's Answer to the Defendant's counterclaim for breach of contract also asserts that "the Defendants have suffered no damages."

This is not true: By filing this action in Federal District Court instead of seeking arbitration as mandated by the employment contract and by not assenting to the

3

Defendants' motion to compel arbitration and for a stay during the Local Rule 7.1(A)(2) conference on May 25, 2004, the Plaintiff forced the Defendants to incur $37,758.04 in legal fees in defending itself in the subject action. *See* the Affidavit of Roy J. Coleman, attorney for the Defendants, attached hereto as Exhibit G. The uncertainty with respect to whether or not the subject case would be in arbitration or, instead, in Federal District Court between May 6, 2004 and August 25, 2004 when the Plaintiff filed its assent also disadvantaged the Defendants in their settlement negotiations with the Plaintiff. The three month delay between the Defendants' motion and the Plaintiff's assent also damaged the Defendants by delaying resolution of a dispute over ownership of the Defendants' software. Defendant Boruchovich simply cannot afford litigation in Federal District Court and the Plaintiff knows it. The Plaintiff's act of filing an action in Federal District Court against this ex-employee of modest means when the Plaintiff's own contract mandates arbitration clearly implies an act of harassment and the Plaintiff's assent to the motion to compel arbitration clearly indicates the Plaintiff never had a viable theory whereby the Federal District Court would have jurisdiction over this dispute either under existing law or by a non-frivolous argument for the extension, modification, or reversing of existing law or the establishment of new law. In short, Plaintiff's conduct was malicious.

There are no genuine issues of material fact in this case which would preclude Summary Judgment[1] holding Plaintiff Groove Networks in breach of contract: the contractual provision at issue in this case is clear on its face, it is the Plaintiff's own contract, and it is clear that by its actions Plaintiff has breached the contract causing

---

[1] Summary judgment is proper if, taking the record in the light most favorable to the party opposing the motion, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Santoni v. Federal Deposit Insurance Corp.*, 677 F.2d 174, 177 (1st Cir. 1982) quoting *O'Neill v. Dell Publishing Co., Inc.*, 630 F.2d 685, 686 & n.1 (1st Cir. 1980)

4

damage to the Defendants especially Defendant Boruchovich. *See, e.g., Brennan v. King*, 139 F.3d 258 (1st Cir. 1998) (Affirming a grant of Summary Judgment to an employer when an employee filed an action in District Court for breach of contract rather than pursuing grievance procedures). The breach of contract by the Plaintiff was clearly willful -- to date the Plaintiff has offered no viable defense for its actions.

The damages requested here are also warranted given the relatively large size of the Plaintiff and the fact that defendant Boruchovich is an individual of modest means. Plaintiff's action of filing this action in Federal District Court against an ex-employee when the Plaintiff's own contract mandated arbitration clearly implies that the Complaint was filed for an improper purpose such as to harass defendant Boruchovich. Litigants are required to stop-and-think before initially making any legal or factual contentions and especially before filing an action in Federal District Court. Here, the Plaintiff sued Defendant Boruchovich in Federal District Court over a contract which clearly mandates arbitration as opposed to expensive litigation in Federal District Court.

Thus, the Defendants request Summary Judgment pursuant to Fed.R.Civ.P. Rule 56 on the Defendants' Counterclaim for breach of contract that plaintiff Groove Networks, Inc. is in breach of contract and requests that the Court enter judgment pursuant to Fed.R.Civ.P. Rule 54 awarding Defendant Boruchovich $37,758.04 in damages.

Since Plaintiff has assented to Defendant Boruchovich's Motion to Compel Arbitration, the Complaint, insofar as it names Mr. Boruchovich as a party, should be dismissed pursuant to Rule 12(C) and Rule 21. Fed.R.Civ.P. Rule 21 states that "[p]arties may be dropped or added by order of the Court on Motion or of its own initiative at any stage of the action on such terms as are just."

Since Defendant Boruchovich never should have been sued in Federal District Court by the Plaintiff in the first place, the interests of justice clearly mandate dropping Mr. Boruchovich as a named party in the subject action.

Respectfully submitted,
Attorneys for Defendants

_____
Kirk Teska
BBO# 559192

_____
Roy J. Coleman
BBO# 652,243

IANDIORIO & TESKA
260 Bear Hill Road
Waltham, MA 02451
(781) 890-5678 Telephone
(781) 890-1150 Facsimile

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(A)(2) I hereby certify that on September 15, 2004 Kirk Teska and I had a telephone conference with Ben T. Clements, Esq., counsel of record for the Plaintiff Groove Networks, Inc. to attempt a good faith to resolve or narrow the issues of this Motion.

_____
Roy J. Coleman, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above Motion for Summary Judgment was served upon Ben T. Clements, Esq., Clements & Clements, LLP, 50 Federal Street, Boston, MA 02110, counsel of record for the Plaintiff Groove Networks, Inc. by mailing the same via first class mail on 9/16/04 , 2004.

_____
Roy J. Coleman, Esq.

# EXHIBITS

| | |
|---|---|
| Exhibit A | Groove's Complaint |
| Exhibit B | Agreement between Plaintiff Groove and Defendant Boruchovich |
| Exhibit C | Defendants' Answer Affirmative Defenses and Counterclaim |
| Exhibit D | Defendants' Motion to Compel Arbitration and Stay Pending Arbitration and Memorandum in Support of Defendants' Motion to Compel Arbitration and for Stay Pending Arbitration |
| Exhibit E | Assent of Groove Networks, Inc. to Defendants Motion to Compel Arbitration and for Stay Pending Arbitration |
| Exhibit F | Reply of Groove Networks, Inc. to CounterClaim |
| Exhibit G | Affidavit of Roy J. Coleman, Esq. |