UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 30 P 3:31

U.S. DISTRICT COURT
DISTRICT OF MASS.

GROOVE NETWORKS, INC.,

Plaintiff,

vs.

LEOSTREAM CORPORATION,
DAVID CROSBIE, MICHAEL PALIN,
and BORIS BORUCHOVICH,

Defendants.

Civil Action No. 04-10899-PBS

## OPPOSITION OF GROOVE NETWORKS, INC. TO DEFENDANT BORIS BORUCHOVICH'S MOTION FOR SUMMARY JUDGMENT

Defendant Boris Boruchovich ("Boruchovich") has filed a motion for summary judgment in which he takes the extraordinary position that, having asked for and received an order compelling arbitration of plaintiff Groove Networks' claims against him and staying the litigation pending the outcome of the arbitration ("the Arbitration and Stay Order"), Boruchovich can now set aside that stay and have this Court grant him judgment on his purported claim that the filing of this lawsuit breached the arbitration clause of the parties' Nondisclosure, Invention and Noncompetition Agreement ("the Agreement"). For several independent reasons, Boruchovich's motion should be denied and the Court should order Boruchovich and his attorneys to pay Groove Networks' fees in opposing the motion:

First, as a matter of law, under the undisputed contractual language and the Massachusetts and Federal Arbitration Acts, Groove Networks did not breach the Agreement by filing this action;

Second, because Boruchovich's Counterclaim is based solely on Groove Networks' petitioning of this Court to enforce its contractual, common law and statutory rights, Boruchovich's Counterclaim is barred by the Massachusetts anti-SLAAP statute, M.G.L. c. 231, §59H, and should be dismissed in accordance with that statute.

Third, Boruchovich has not established (and cannot establish) that he has suffered any actual damages as a result of the alleged breach; and

Fourth, even if Boruchovich otherwise had a viable breach of contract claim, according to Boruchovich's own allegations in this action, any such claim would have to be submitted to arbitration, and, as such, Boruchovich's filing of the summary judgment motion is utterly inconsistent with his request for arbitration and a stay.

Boruchovich's separate request that he be dismissed as a party defendant from the case should also be denied for two reasons.

First, because Boruchovich has waived his right to arbitration by invoking the jurisdiction of the Court, and asking the Court to set aside the stay Order and to grant him judgment on his purported Counterclaim, the Court should vacate the Arbitration and Stay Order and allow the claims to proceed against all defendants in this Court, as requested in Groove Networks' Motion to Vacate the Arbitration and Stay Order.

Second, even if the Court did not vacate the Arbitration and Stay Order, under the express terms of the Arbitration Act, claims referred to arbitration are to be stayed, not dismissed.

2

In further support of this Opposition, Groove Networks refers to and incorporates herein its Consolidated Memorandum in Support of Motion to Vacate Arbitration and Stay Order; in Support of Motion to Dismiss Counterclaim and Request for Attorney Fees; and in Opposition to Motion for Summary Judgment; and the Affidavit of Ben T. Clements.

Respectfully submitted,

GROOVE NETWORKS, INC.,

By its attorneys:

Ben T. Clements, BBO # 555802
Clements & Clements, LLP
50 Federal Street
Boston, MA 02110
(617) 451-1800

CERTIFICATE OF SERVICE

I, Ben T. Clements, certify that I have caused a copy of the foregoing to be served on counsel for the defendants, Kirk Teska, Iandiorio & Teska, 260 Bear Hill Road, Waltham, MA 02451-1081, by mail on September 30, 2004.

Ben T. Clements

3