UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 30  P 3: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

| |
|---|
| GROOVE NETWORKS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LEOSTREAM CORPORATION, DAVID CROSBIE, MICHAEL PALIN, and BORIS BORUCHOVICH, <br><br> Defendants. |

Civil Action No. 04-10899-PBS

## AFFIDAVIT OF BEN T. CLEMENTS

I, Ben T. Clements, under oath, depose and state:

1.  I am an attorney with the firm of Clements & Clements, LLP, and counsel for plaintiff Groove Networks, Inc. ("Groove Networks") in this matter. This affidavit is submitted by me in support of Groove Networks' Motion to Vacate Arbitration and Stay Order; Groove Networks' Motion to Dismiss Counterclaim with Prejudice and Request for Attorney Fees; and Groove Networks' Opposition to defendant Boris Boruchovich's ("Boruchovich") Motion for Summary Judgment on the Counterclaim.

2.  On or about May 25, 2004, I spoke by telephone concerning this case with Kirk Teska, counsel for all defendants in the case. During this conversation, Mr. Teska expressed his view that the case should be referred to arbitration under the arbitration clause in the Nondisclosure, Invention and Noncompetition Agreement ("the Agreement") between Groove Networks and Boruchovich. During the conversation, I indicated that I did not necessarily agree with this and explained the reasons that Groove

Networks had filed the lawsuit in federal court, including the fact that none of the other defendants (besides Boruchovich) were subject to the arbitration agreement, the fact that the copyright claim in the Complaint was subject to exclusive federal jurisdiction, and the fact that this was the only forum in which Groove Networks' claims against all defendants could be adjudicated in one forum.

3. Mr. Teska maintained the position that the claims against Boruchovich should be referred to arbitration, but did not say that the defendants intended at that time to file a motion to compel arbitration and for a stay. Instead, the conversation turned to the possibility of engaging in settlement discussions before making further submissions to the Court. Also during this telephone conversation, I agreed to assent to a motion to extend the time for the defendants to respond to the Complaint until June 10, 2004, and expressed a willingness to agree to further extensions to accommodate settlement discussions between the parties. Mr. Teska indicated that he would be calling shortly to discuss settlement.

4. Having not heard further from Mr. Teska, I called him on June 3, 2004. During our conversation of that day, I told Mr. Teska that Groove Networks remained interested in pursuing a possible settlement, but that the defendants needed to make a proposal. Mr. Teska indicated that he needed to speak further with his clients.

5. During the week following my telephone call of June 3, 2004, there were no further discussions between the parties concerning either settlement or the issue of arbitration. Instead, on June 9, 2004, the defendants filed their Answer and Counterclaim, and a Motion to Compel Arbitration and For Stay Pending Arbitration. Counsel for the defendants did not advise Groove Networks that they would be filing this

motion prior to doing so and did not inquire as to whether Groove Networks would assent to the motion.

6. Following the filing of the motion to compel arbitration and for a stay, the parties agreed to extensions of the time for Groove Networks to respond to the motion, in order to allow the parties to engage in settlement discussions.

7. After the parties were unable to reach any settlement, on August 25, 2004, Groove Networks filed an assent to the motion to compel arbitration and for a stay of the litigation.

8. Groove Networks understood at the time of giving this assent that the arbitration clause did not apply to the claims against the defendants other than Boruchovich. *See, e.g., Rae F. Gill, P.C. v. DiGiovanni*, 34 Mass.App.Ct. 498, 503, 612 N.E.2d 1205, 1209 ("Arbitration is a remedy created by a statute which limits its availability to the parties to an arbitration agreement."), *review denied*, 415 Mass. 1106, 616 N.E.2d 809 (1993). Groove Networks also understood that even if the claims against Boruchovich were referred to arbitration, a stay of the claims against the other defendants would not necessarily follow, but would be left to the Court's discretion. *See, e.g., Cosmotek Mumessillik Ve Ticaret Ltd. Sirkketi v. Cosmotek USA, Inc.*, 942 F.Supp. 757, 760 (D.Conn. 1996).

9. Rather than oppose the motion for an Arbitration and Stay Order, however, in order to minimize unnecessary costs and legal fees associated with litigating the issue of which claims should be heard in which forum, and possibly arbitrating some claims while simultaneously litigating others, Groove Networks decided to assent to the motion to compel arbitration and for a stay of the litigation.

10. Had Groove Networks known that the defendants would seek to force it to *litigate* a Counterclaim against it in this Court, after tying the hands of Groove Networks on its claims, it would not have assented to the motion to compel arbitration and stay the litigation.

Signed under pain and penalty of perjury, this 30th day of September, 2004,

_____
Ben T. Clements

## CERTIFICATE OF SERVICE

I, Ben T. Clements, certify that I have caused a copy of the foregoing to be served on counsel for the defendants, Kirk Teska, Iandiorio & Teska, 260 Bear Hill Road, Waltham, MA 02451-1081, by mail on September 30, 2004.

_____
Ben T. Clements