UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 14  A 11: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| GROOVE NETWORKS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| LEOSTREAM CORPORATION, | ) |
| DAVID CROSBIE, MICHAEL PALIN, | ) |
| and BORIS BORUCHOVICH, | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION
NO. 04-10899-PBS

Defendants' Consolidated Reply and Opposition to: Groove Networks' Motion to
Vacate Arbitration and Stay Order, Groove Networks' Motion to Dismiss Counterclaim
with Prejudice and Request for Attorney Fees, and the Opposition of Groove Networks,
Inc. to Defendant Boris Boruchovich's Motion for Summary Judgment

Defendant Boruchovich in the subject action hereby replies to Plaintiff Groove

Networks' motions as set forth above.

Defendant Boruchovich's counterclaim for breach of contract against the Plaintiff

arises out of Plaintiff's filing an action in Federal District Court instead of seeking

arbitration pursuant to the Plaintiff's own employment agreement with Defendant

Boruchovich. The Plaintiff believes Defendant Boruchovich's counterclaim means

Defendant Boruchovich must now litigate rather than arbitrate, and that Defendant

Boruchovich's counterclaim fails as a matter of law and is barred by the Massachusetts

anti-SLAPP statute.

If the Plaintiff's position is correct, then even though a party must by agreement

(remember here it's the Plaintiff's Agreement) arbitrate instead of litigate, that party can,

without any liability, ignore the mandate of arbitration in a contract and file an action in Federal District Court instead of pursuing arbitration.

The better policy, of course, and the policy behind both the state and Federal arbitration acts, is that arbitration is to be favored especially when the parties agree to arbitration in a written agreement. If a party can purposefully fail to arbitrate and the only recourse is for the other party to seek to compel arbitration, few plaintiffs would first arbitrate. Instead, large companies, such as Groove Networks, Inc., could sue all of their ex-employees in Federal District Court and then force each of those defendants to hire attorneys to answer the complaint and move to compel arbitration. That result is simply not in accord with Groove's own employment agreement mandating arbitration, nor is it in accordance with the Federal and State arbitration acts and the policies underlying them.

On May 6, 2004, the Plaintiff filed the instant action including causes of action arising out of Mr. Boruchovich's employment with the Plaintiff and a written employment agreement which mandated arbitration. The complaint even includes a count for breach of that contract. On June 9, 2004, the Defendants answered and filed the counterclaim now at issue for breach of contract since the Plaintiff wrongfully initiated litigation in Federal District Court as opposed to arbitration as mandated in the employment contract. The Defendants also moved to compel arbitration and to stay the instant action against the Defendants which were not a party to the employment agreement.

On August 25, 2004, Plaintiff *assented* to the motion to compel/stay and on September 7, 2004 the court promptly granted the Defendants' motion.

Now the Plaintiff characterizes its assent as "an effort to minimize unnecessary legal costs" and seeks to "vacate" the arbitration and stay order. In other words, the Plaintiff wants to withdraw its assent apparently as an effort to maximize unnecessary legal costs. The law is clear, however, that relief from the court order granting the motion to compel arbitration and stay is governed by Fed.R.Civ.P. Rule 60(b). In this case, the Plaintiff offers no extraordinary reasons why the resulting court order should be vacated pursuant to Rule 60(b)[1]. Plaintiff's Motion to Vacate is wholly without merit.

Also, the Plaintiff deems Defendant Boruchovich's motion for summary judgment on his counterclaim for breach of contract "inconsistent with the invocation of arbitration" and a waiver of Defendant Boruchovich's "right to rely on the arbitration clause." That position is untenable. The Defendants' motion to re-open the proceedings for filing a motion for summary judgment and for the entry of judgment in favor of Defendant Boris Boruchovich and to drop Mr. Boruchovich as a Party clearly states:

> Pursuant to a court order dated September 7, 2004, the subject case is administratively closed. Defendant Boris Boruchovich hereby moves to re-open the above captioned case *solely* for the purpose of filing a Motion For Summary Judgment in Favor of Defendant Boris Boruchovich and to Drop Mr. Boruchovich as a Party Pursuant to Fed.R.Civ.R. Rule 21. Said Motion is filed concurrently herewith. (emphasis added)

More importantly, a finding of whether the Plaintiff Groove breached the employment agreement by filing an action in Federal District Court instead of seeking arbitration as mandated by the agreement entails the threshold question of whether the agreement mandates arbitration. That determination is solely the providence of the Federal District Court: "the question of arbitrability--whether a[n] ... agreement creates a duty for the parties to arbitrate the particular grievance--is undeniably a judicial

---

[1] Indeed, the Plaintiff's motion fails to even mention Rule 60(b) much less provide an analysis of facts or circumstances warranting relief pursuant to Rule 60(b).

determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the Court, not the arbitrator." *PaineWebber Inc. v. Elahi*, 87 F.3d 589, 595 (1st Cir. 1996) *quoting AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418 (1986).

Thus, only the Federal District Court can determine whether Plaintiff breached the agreement and thus Defendant Boruchovich's motion for summary judgment on his counterclaim for breach of contract was clearly proper, consistent with the invocation of arbitration, and hardly a waiver of Defendant Boruchovich's right to rely on the arbitration clause[2].

Defendant Boruchovich simply didn't have any choice in this situation. Any counterclaim had to be filed in response to the Plaintiff's complaint. An Arbitrator cannot rule on Defendant Boruchovich's counterclaim because an element of that cause of action includes determining whether the contract at issue mandated arbitration – a determination only a judge can make. To date, Groove has not sought arbitration even though the Court Order granting the Defendant's motion to compel arbitration issued over a month ago. If Defendant Boruchovich had asserted his counterclaim in the arbitration proceedings, if the Plaintiff ever actually files for arbitration, the Plaintiff could have argued that the arbitrator cannot decide that issue. If Defendant Boruchovich had waited until after arbitration to seek relief on his counterclaim, the Plaintiff could have argued waiver, estoppel, laches, prejudice, and the like. Defendant Boruchovich

---

[2] Plaintiff alleges the lack of any reported case decisions supporting the notion that filing a lawsuit that includes claims subject to arbitration gives right to a breach of contract action means Defendants' counterclaim for breach of contract fails as a matter of law. Obviously, that is not the case. Courts across the country make rulings every day that are not the subject of a reported published decision.

cannot control when and if the Plaintiff decides to pursue arbitration and Defendant
Boruchovich is entitled to a ruling on his counterclaim now.

Concerning the merits of Defendant Boruchovich's counterclaim, the Plaintiff's
basic position is that it is excused from the breach because "the only way that Groove
Networks could join all of these related claims in one action was to file this lawsuit."
That is simply not true. The agreement between the Plaintiff and Defendant Boruchovich
at issue here states quite clearly that any dispute between those two parties <u>shall</u> be
resolved by arbitration.

Thus, the Plaintiffs' "related claims" had to be arbitrated as against Defendant
Boruchovich and it is a fairly straightforward analysis to conclude that by not seeking
arbitration, the Plaintiff violated its own agreement.

What the Plaintiff should have done is seek arbitration against Defendant
Boruchovich and then after arbitration (or even concurrently therewith) file an action in
this Court against the other Defendants. As the Defendants have previously explained,
the fact that the Plaintiff chose to sue parties in addition to Defendant Boruchovich does
not excuse the Plaintiff's failure to arbitrate. *See Hilte, Inc. v. Oldach*, 392 F.2d 368,
370, n.2. (1st Cir. 1968) ("If arbitration could be foreclosed simply by adding as a
Defendant a person not a party to an arbitration agreement, the utility of such agreements
would be seriously compromised.")

Besides, it is not up to Defendant Boruchovich or the Court to solve the Plaintiff's
litigation strategy problems. If the Plaintiff did not want to be subject to arbitration, it
should never have included an arbitration provision in its employment agreement with
Defendant Boruchovich.

The Plaintiff also asserts the Massachusetts anti-SLAPP statute excuses the Plaintiff's conduct here of filing an action in Federal District Court instead of pursuing arbitration pursuant to the Plaintiff's own agreement. If the Plaintiff's position on the anti-SLAPP statute was correct, there would never be any counterclaims filed in any Federal District Court action.

The anti-SLAPP statute applies to a party exercising its right of petition under the Constitution of the United States or of the Commonwealth. The Constitution of the United States and the Constitution of the Commonwealth are simply not at issue here in this case where the Plaintiff alleges breach of an employment agreement and the Plaintiff misinterprets and misapplies the anti-SLAPP statute: Defendant Boruchovich's counterclaim is not based on the Plaintiff's "petitioning activities alone;" instead the counterclaim is based on the contract at issue here which mandates arbitration and the violation of that agreement by the Plaintiff.

The Plaintiff relies heavily, but to no avail, on the case of *Office One, Inc. v. Lopez*, 769 N.E.2d 749, 437 Mass. 113 (Mass. 2002). The "petitioning" activity in that case, however, involved written petitions, meetings, communications with elected officials, and the like. Indeed, the Court in *Office One* explained that "SLAPP" means Strategic Lawsuit Against Public Participation and SLAPP suits generally target individuals for "reporting violations of law, writing to government officials, attending public hearings, testifying before government bodies, circulating petitions for signature, lobbying for legislation, campaigning in initiative or referendum elections, filing agency protests or appeals, being parties in law-reform lawsuits, and engaging in peaceful boycotts and demonstrations." *Id.* at 756, 437 Mass. at 121, nn.13.

Next, the Plaintiff asserts that Defendant Boruchovich has suffered no damages. Again, this is simply not true. Had the Plaintiff sought arbitration as was mandated by the Plaintiff's own agreement, Defendant Boruchovich would never have had to answer the complaint, assert the counterclaim, or move to compel arbitration.

Thus, Defendant's breach has clearly caused Defendant Boruchovich damage.

Finally, the Plaintiff asserts the counterclaim is subject to arbitration. As we have already explained, that is not true as a matter of law.

Respectfully submitted,
Defendants Leostream Corporation,
David Crosbie, Michael Palin, and
Boris Boruchovich,
By their attorneys,

Kirk Teska
BBO# 559,192

Roy J. Coleman
BBO# 652,243

Iandiorio & Teska
260 Bear Hill Road
Waltham, MA  02451-1018
Tel: (781) 890-5678
Fax: (781) 890-1150

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Ben T. Clements, Esq., Clements & Clements LLP, 50 Federal Street, Boston, MA 02110, counsel of record for the Plaintiff Groove Networks, Inc., by mailing the same via first class mail on ___10\13\04___, 2004.

_____
Roy J. Coleman